UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JUNIOR ABEYTA and
D. LEE ABEYTA,

No. 11-06-11026 MA

Debtors.

_____

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.    Adversary No. 06-1177 M

JUNIOR ABEYTA and
D. LEE ABEYTA,

    Defendants.

## ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 344

THIS MATTER is before the Court on Defendants' Motion for an Order Pursuant to 11 U.S.C. § 344 ("Motion"). The Motion requests this Court to issue an order granting Defendants immunity under 11 U.S.C. § 344 for their anticipated testimony in defense of this adversary proceeding to determine the dischargeability of a particular debt under 11 U.S.C. § 523(a)(2)(A). Because a request for immunity under 11 U.S.C. § 344 can only be made through the United States Attorney, and only granted by the District Court, the Motion must be denied.

DISCUSSION

Immunity from testimony can be granted to persons in connection with a bankruptcy case in accordance with 11 U.S.C. § 344. That section provides:

> Immunity for persons required to submit to examination, to testify, or to provide information in a case under this title may be granted under part V of title 18.

1

11 U.S.C. § 344.

Part V of Title 18 in turn, provides, in relevant part:

> (a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, *upon the request of the United States attorney for such district*, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this title.
>
> (b) *A United States attorney may*, with the approval of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any designated Assistant Attorney General or Deputy Assistant Attorney General, request an order under subsection (a) of this section when in his judgment--
>
>> (1) the testimony or other information from such individual may be necessary to the public interest; and
>>
>> (2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.
>
> 18 U.S.C. § 6003(a) and (b) (emphasis added).

Immunity under 11 U.S.C. § 344 in exchange for testimony in connection with a bankruptcy case can, therefore, only be granted upon request of the United States attorney. In *Turner v. Wlodarski (In re Minton Group, Inc.),* 43 B.R. 705, 707 (Bankr. S.D.N.Y. 1984), the principal of the debtor (who was also a debtor in an involuntary chapter 7 proceeding) and defendant in a fraudulent conveyance and preferential transfer action brought by the case trustee, sought an order under 11 U.S.C. § 344 granting immunity in the adversary proceeding because he was under indictment in state criminal proceedings arising from the same transactions at issue in the adversary proceeding. The bankruptcy court outlined four basic steps that must be satisfied before a witness may be granted immunity in connection with a bankruptcy proceeding in

2

accordance with 11 U.S.C. § 344 as follows:

> First, the witness must refuse to testify or provide information as required in the case. Second, a party in interest, such as the trustee in bankruptcy, must get the United States attorney for the district in which the bankruptcy case is pending to seek the approval of the Attorney General of the United States, or a designated Assistant Attorney General, to apply for an immunity order. . . . Third, before the United States attorney applies for such approval, the United States attorney must be satisfied that the testimony or other information from the witness is necessary to the public interest and that the witness has refused, or is likely to refuse, to testify or provide information on the basis of a claimed privilege against self-incrimination. Fourth, if the Attorney General or a designated Assistant Attorney General approves the immunity approach, the United States attorney may then apply for an immunity order from a United States District Court Judge in the district where the bankruptcy case is pending.

*Minton,* 43 B.R. at 708-709.

Only the first step has arguably been demonstrated, since, by seeking a grant of immunity, Defendants imply that they are not willing to testify if they are not assured that their testimony will not be used against Mr. Abeyta in the pending criminal proceeding. But even with regard to the first step, Defendants have not yet been called and refused to testify nor have they refused to provide information in connection with this adversary proceeding. *Cf. Minton,* 43 B.R. at 709 (finding that, despite the filing of the motion seeking immunity, debtor had not yet refused to submit to examination, testify, or provide information in connection with the case). And none of the remaining three steps have been satisfied. No party in interest has applied to the United States attorney to request a grant of immunity; nor has the United States Attorney applied for an order of immunity to the United States District Court for the District of New Mexico. Thus, Defendants' arguments that Defendant Junior Abeyta is already the subject of a criminal proceeding, that his criminal defense attorney has advised him to seek immunity, and that he realistically fears that testimony he may be required to give in defense of this adversary proceeding could be used against him in the pending criminal proceeding are largely irrelevant.

3

Simply put, this Court does not have the power to grant the Motion. *See* 3 Collier on Bankruptcy, ¶ 344.04, p. 344-21 (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2006)("If immunity is sought, it can be granted only by the United States District Court, not by the bankruptcy court."). As summed up by the bankruptcy court in *Minton,* such a request for immunity by the debtor

> is procedurally flawed and may not be granted by this court. It is made by the wrong party, at the wrong time and in the wrong court.

> 43 B.R. at 708.

Having failed to get the United States attorney to seek approval from the Attorney General to apply for a grant of immunity, Defendants' request for this Court to refer the matter to the United States District Court for the District of New Mexico fails to solve the procedural defects of their Motion.

Similarly, FTC's argument that collateral estoppel principles will preclude the need for Defendants' testimony in this adversary proceeding is premature. FTC has not filed a motion for summary judgment in this adversary proceeding asserting that the judgment entered against Defendants in the law enforcement action styled *FTC v. National Vending Consultants, Inc., et al.,* Case No.2:05-CV-160-RCJ-PAL (D. Nev. 2005) establishes all elements necessary to its non-dischargeability claim in this adversary proceeding, and has represented that it does not anticipate filing a motion for summary judgment in this adversary proceeding until October 15, 2007. (See Notice to Court of Federal Trade Commission's Impending Motion for Summary Judgment - Docket # 55).

WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED, without prejudice.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Julie Mack
Yaa Apori
Attorneys for Plaintiff
Federal Trade Commission
600 Pennsylvania Ave NW
Washington, DC 20580

Louis Puccini, Jr
Attorney for Defendants
PO Box 30707
Albuquerque, NM 87190-0707

5