# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: JUNIOR ABEYTA and
D. LEE ABEYTA,

No. 11-06-11026 MA

Debtors.
_____

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                                                        Adversary No. 06-1177 M

JUNIOR ABEYTA and
D. LEE ABEYTA,

    Defendants.

### ORDER GRANTING, IN PART, DEFENDANTS' MOTION TO SUSPEND FURTHER PROCEEDINGS PENDING A RULING ON THE DEFENDANTS' MOTION FOR AN ORDER PURSUANT TO § 344, AND STAYING THIS ADVERSARY PROCEEDING UNTIL JANUARY 9, 2008

THIS MATTER is before the Court on Defendants' Motion to Suspend Further Proceedings Pending a Ruling on the Defendants' Motion for an Order Pursuant to § 344 ("Motion to Suspend Proceedings"). The Court denied the Defendants' Motion for an Order Pursuant to 11 U.S.C. § 344 ("Motion for Immunity"), without prejudice because it was procedurally defective. In the meantime, Plaintiff Federal Trade Commission ("FTC") has raised collateral estoppel arguments in opposition to both of Defendants' motions, and has represented that it will file a motion for summary judgment in this adversary proceeding on or before October 15, 2007. (*See* Notice to Court of Federal Trade Commission's Impending Motion for Summary Judgment - Docket # 55).

Plaintiff FTC also asserts that a stay of this adversary proceeding should not be granted

1

pending the outcome of criminal proceedings initiated against Defendant Junior Abeyta in the United States District Court for the District of Nevada, captioned *United States of America v. Abeyta,* Case No. 2:060CR-393-KJD-LRL ("Federal Criminal Proceeding"). Defendants' Motion to Suspend Proceedings does not specifically request a stay of this adversary proceeding pending the outcome of the Federal Criminal Proceeding; rather Defendants' request suspension of this adversary proceeding until it is determined whether they will be granted immunity for their testimony or production of other evidence in this adversary proceeding. *See* Motion for Order Pursuant to 11 U.S.C. § 344, p.4 (Docket # 39). Defendants' response to the FTC's briefs does, however, address the argument regarding a stay of cases pending conclusion of a criminal proceeding, noting that in this case, a federal criminal proceeding is actually pending. *See* Response by Junior and D. Lee Abeyta to Federal Trade Commission's Brief in Opposition to Debtors' Motion to Permit Relief Pursuant to 11 U.S.C.§ 344(Immunity) and to Stay Proceedings to Allow Debtors to Seek Such Relief, p.8 (Docket # 54).

"[A] court may, in its discretion, stay civil proceedings when the interests of justice so require." *Mendelsohn v. Gordon (In re Who's Who Worldwide Registry, Inc.),* 197 B.R. 193, 195 (Bankr.E.D.N.Y. 1996)(citing *United States v. Kordel,* 397 U.S. 1, 10, 90 S.Ct. 763, 768-69, 25 L.Ed.2d 1 (1970)(remaining citation omitted)). For the reasons discussed below, the Court finds that, while it is not necessary to stay this adversary proceeding pending the outcome of the Federal Criminal Proceeding, a temporary stay of this adversary proceeding should be granted.

The FTC's collateral estoppel arguments are premised upon the Findings of Fact and Conclusions of Law entered in an enforcement action brought by the FTC in the United States District Court for the District of Nevada, captioned, *FTC v. National Vending Consultants, Inc.,*

*et al.,* No. 2:05 CV-0015-RCJ-PAL (2005) ("Nevada Civil Action"). If collateral estoppel applies, summary judgment can be granted in this adversary proceeding. Defendants assert that, if immunity is not granted, they will be unable to effectively defend themselves in this adversary proceeding and will also be unable to effectively defend a motion for summary judgment. This Court disagrees.

First, even if immunity is not granted, Defendants may still claim their Fifth Amendment privilege.[1] And while it is not improper for the Court to draw an inference based on a defendant's failure to testify, it is only one factor to be considered.[2] Second, whether the Findings of Fact and Conclusions of Law entered in the Nevada Civil Action will have collateral estoppel effect in this adversary proceeding to determine dischargeability of debt is a question of law, not fact.[3] Defendants would, therefore, be able to respond to FTC's motion for summary

---

[1] *See Matter of Dynamite Food Enterprises, Inc.,* 8 B.R. 839, 841 (Bankr. E.D.N.Y. 1981) (discussing 11 U.S.C. § 344 in light of the pre-Code grant of automatic immunity under § 7(a)(10) of the Bankruptcy Act, and finding that "[u]nder § 344 of the Code, only the district court may grant immunity, and if immunity is not granted, the witness may still claim the privilege.").

[2] *See Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976) (" . . . the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them . . . "); *Who's Who Worldwide Registry,* 197 B.R. at 197 (adverse inference to be drawn from any claim of Fifth Amendment privilege is only one factor to be considered by court in determining whether to grant stay); *Trustmark Nat'l Bank v. Curtis (In re Curtis),* 177 B.R. 717, 720 (Bankr.S.D.Ala. 1995) ("the invocation of the Fifth Amendment privilege, standing alone, is not sufficient evidence to constitute probative proof of a plaintiff's case.").

[3] *See Dodge v. Cotter Corp.,* 203 F.3d 1190, 1197 (10th Cir. 2000) (stating that the standard of review of the "district court's entry of summary judgment barring claims under the doctrine of collateral estoppel" is de novo); *Evans v. Dunston (In re Dunston),* 146 B.R. 269, 277 (D.Colo. 1992) (finding that "the bankruptcy court's decision not to apply collateral estoppel was a question of law" requiring de novo review)(citing *Johnson v. Laing (In re Laing),* 945 F.2d 354, 357 (10th Cir. 1991)). *See also, In re Sutherland-Minor,* 345 B.R. 348, 353 (Bankr.D.Colo. 2006)(in considering whether the doctrine of collateral estoppel will bar re-litigation of the facts

3

judgment premised upon the collateral estoppel effect of the Findings of Fact and Conclusions of Law in the Nevada Civil Action without having to submit affidavits concerning the underlying allegations of fraud raised in FTC's complaint to determine dischargeability under 11 U.S.C. § 523(a)(2)(A). But because FTC's motion for summary judgment has not yet been filed, and because the Defendants' Motion for Immunity was denied without prejudice, the Court finds that a temporary stay of these proceedings is appropriate so that Defendants can have an opportunity to seek immunity through the proper channels. In addition, a temporary stay of this adversary proceeding will not unduly prejudice Plaintiff, because, unlike adversary proceedings that have the potential of recovering estate assets for the benefit of all creditors, this adversary proceeding will simply determine whether Plaintiff's existing judgment is dischargeable.[4] For this reason, there is less urgency to proceed with this adversary proceeding without delay.

Based on the foregoing, the Court concludes that there is sufficient reason to stay this adversary proceeding temporarily in order to afford Defendants time to properly seek immunity under 11 U.S.C. § 344.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Suspend Proceedings is GRANTED, in part. This adversary proceeding is temporarily stayed.

ORDERED FURTHER, that a status conference will be held before the Honorable Mark B. McFeeley on **Wednesday, January 9, 2008** at **9:30am,** in the judge's conference room,

---

necessary to the determination of dischargeability, the court must apply the preclusion law of the state in which the prior judgment was rendered) (citations omitted).

[4] *Cf. Who's Who Worldwide Registry,* 197 B.R. at 197 (stating that plaintiff's interest in resolving the adversary proceeding to recover fraudulent transfers so that a distribution can be made to creditors of the estate weighs in favor of denying defendant's request for a stay of the proceeding).

thirteenth floor, Dennis Chavez Federal Building and United States Courthouse, 500 Gold Avenue SW, Room 13017, Albuquerque, New Mexico, at which time the Court will determine whether to extend or terminate the temporary stay of this adversary proceeding.

**Counsel/parties may appear at the status conference via telephone by calling the chambers of Judge McFeeley at (505-348-2545), at least one business day prior to the date set.**

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Julie Mack
Yaa Apori
Attorneys for Plaintiff
Federal Trade Commission
600 Pennsylvania Ave NW
Washington, DC 20580

Louis Puccini, Jr
Attorney for Defendants
PO Box 30707
Albuquerque, NM 87190-0707