UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JUNIOR ABEYTA and
D. LEE ABEYTA,

No. 11-06-11026 MA

Debtors.

_____

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                    Adversary No. 06-1177 M

JUNIOR ABEYTA,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Federal Trade Commission's Motion for Summary Judgment ("Motion"). Plaintiff Federal Trade Commission ("FTC") obtained a $9,298,447.29 judgment against Defendant Junior Abeyta, a/k/a Patrick Abeyta and others[1] for restitution in accordance with 15 U.S.C. § 13(b), based on violations of Section 5 of the Federal Trade Commission Act ("FTC Act"). The Final Judgment and Permanent Injunction Order ("Judgment") was issued by the United States District Court, District of Nevada ("Nevada District Court") in Civil Action No. CV-S-05-160-RCJ-PAL ("District Court Action") along with Findings and Conclusions entered by the Nevada District Court on March 26, 2006 following a contested motion for summary judgment filed by the FTC. Defendant filed a

---

[1] FTC filed its complaint in the United States District Court, District of Nevada against the following defendants: National Vending Consultants, Inc., Success Vending Group, Inc., USA Candy Express, Inc., Patrick Abeyta, Jr., Debra Abeyta, Larry Welli, and Richard Savard.

1

voluntary petition under Chapter 11 of the Bankruptcy Code on June 15, 2006 as Case No. 11-06-11026MA.

FTC seeks to have the Judgment entered in the District Court Action declared non-dischargeable under 11 U.S.C. § 523(a)(2)(A) as a debt for money obtained by false pretenses, a false representation, or actual fraud, and asserts that the judgment serves to collaterally estop Defendant from re-litigating the same issues as part of this non-dischargeability proceeding. FTC further asserts that the Findings and Conclusions entered by the Nevada District Court establish as a matter of law that the Judgment against Defendant Junior Abeyta is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Defendant opposes the Motion, asserting among other things, that the FTC is not the real party in interest and lacks standing to bring this non-dischargeability action and that Defendant did not have a meaningful ability to litigate the issues in the District Court Action, having invoked his Fifth Amendment privilege on advice of his criminal counsel. *See* Defendant's Response in Opposition to the Federal Trade Commission's Motion for Summary Judgment ("Response") - Docket # 77.

Upon review of the Motion, the Findings and Conclusions, the Judgment, Defendant's Response, and the FTC's reply (*See* Docket # 78)[2], the Court finds that the Findings and Conclusions and the Judgment entered by the Nevada District Court sufficiently establish the elements necessary to the determination that the judgment is non-dischargeable under 11 U.S.C.

---

[2]FTC's Reply also reports that Defendant recently pleaded guilty to several counts of fraud in a related criminal proceeding and attaches a copy of the Reporter's Transcript of Change of Plea/Evidentiary Hearing ("Transcript") dated April 21, 2008 from Case No. 2:06-cr-393-KJD-LRL, entitled United States of America v. Patrick Abeyta, Jr. Neither the Transcript nor Defendant's guilty plea in connection with that proceeding were considered by the Court in deciding the Motion.

§ 523(a)(2)(A) and that all the remaining requirements for collateral estoppel have been met. Consequently, the Court will grant the Motion and enter summary judgment in favor of the FTC.

DISCUSSION

FTC's Standing to Bring a Non-Dischargeability Action.

As a preliminary matter, Defendant asserts that FTC has no standing to bring this action seeking a determination of non-dischargeability under 11 U.S.C. § 523(a)(2)(A), arguing that the individual consumers, rather than the FTC, are the real parties in interest. This argument lacks merit. As explained by the bankruptcy court in *FTC v. Austin (In re Austin),* 138 B.R. 898, 903 (Bankr.N.D.Ill. 1992), "the only standing requirement for a party seeking to have a debt declared nondischargeable under § 523(a)(2)(A) is that the party must have a right to receive payment on the debt in question." The FTC holds a judgment against the Defendant that it obtained before the Defendant filed his bankruptcy petition. Consequently the FTC holds a claim against the debtor and is a creditor as defined by 11 U.S.C. § 101(10)(A) with standing to bring an action under 11 U.S.C. § 523(a)(2)(A). *Id.* The *Austin* court further rejected the argument that the FTC lacks standing because it is bringing claims on behalf of injured consumers. *Id.* at 904 (stating that "[t]he FTC's status as a creditor is unaffected by the fact that the FTC seeks to recover money on behalf of defrauded consumers rather than on its own behalf.").[3] This Court agrees with the reasoning of *Austin,* and finds that FTC has sufficient standing to bring this cause of action to determine the dischargeability of its judgment under 11 U.S.C. § 523(a)(2)(A).

---

[3]*See also, In re Black,* 95 B.R. 819, 823 (Bankr.M.D.Fla. 1989)(finding that the FTC is a creditor with standing to bring a non-dischargeability complaint).

3

Summary Judgment Standards.

It is appropriate for the Court to grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 1997)(citing *Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793, 796 (1995)(remaining citations omitted)). But in order to defeat a motion for summary judgment, the opposing party may not simply rest on its pleading or denials of the allegations; rather, the opposing party must demonstrate that genuine issues of material fact require a trial. *See* Rule 56(e), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. (A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

4

Defendant did not submit any affidavits in defense of the Motion and has not, therefore, attempted to raise a genuine issue of material fact.[4] Instead, Defendant asserts that the FTC is not entitled to summary judgment because the findings and conclusions from the District Court Action upon which FTC bases its Motion fail to establish a claim of non-dischargeability under 11 U.S.C. § 523(a)(2)(A).[5]

<u>Collateral Estoppel Applies to Dischargeability Actions</u>

The FTC asserts that the Judgment together with the Findings and Conclusions entered in the District Court Action serve to collaterally estop Defendant from re-litigating the factual issues that are identical to the issues relevant to this adversary proceeding. "Collateral estoppel, or issue preclusion, is a doctrine that prohibits the relitigation between the same parties of issues of ultimate fact that have been 'determined by a valid and final judgment.'" *In re Armstrong,* 294 B.R. 344, 357 (10th Cir. BAP 2003), *aff'd,* 97 Fed.Appx. 285 (10th Cir. 2004)(quoting *Phelps v. Hamilton,* 122 F.3d 1309, 1318 (10th Cir. 1997)). The doctrine of collateral estoppel applies to dischargeability actions.[6] Thus when the elements of a prior claim

---

[4] Defendant incorporated, and adopted "to the extent applicable" his responses to FTC's motion for summary judgment filed in the District Court Action. The FTC's Motion is based upon the Judgment and the Findings and Conclusions entered in the District Court Action which were entered after the district court's consideration of the Defendant's responses. Because the Motion can be decided based on the collateral estoppel effect of the Judgment and the Findings and Conclusions, the Court need not consider the responses Defendant filed in the District Court Action. Indeed, Defendant acknowledges that the FTC's Motion is grounded on the findings of fact entered in the District Court Action. *See* Response, p. 3.

[5] *See In re Doskocil Companies, Inc.,* 130 B.R. 858, 863 (Bankr.D.Kan. 1991)(finding that the matter was ripe for summary judgment where opposing party failed to present any affidavit evidence concerning the factual allegations of the case).

[6] *Grogan v. Garner,* 498 U.S. 279, 284 n.11, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a).").

5

are identical to the elements required to establish an exception to discharge, it is appropriate for the Court to give collateral estoppel effect to those elements that "were actually litigated and determined in the prior action." *Grogan v. Garner,* 498 U.S. at 284. Summary judgment on a non-dischargeability claim may, therefore, be granted based on a prior judgment obtained outside of bankruptcy provided that the prior judgment establishes all elements necessary to the determination of non-dischargeability under the Bankruptcy Code.

In determining the preclusive effect of a prior judgment rendered by a federal court, the Court must apply federal principles of collateral estoppel.[7] The federal common law of collateral estoppel requires a showing of the following elements: "'(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.'" *Jordana,* 232 B.R. at 475-76 (quoting *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir.1995)(quotation omitted)).

In this case three of the four elements required for collateral estoppel are clearly present. First, the Findings and Conclusions and the judgment entered in the District Court Action constitute a valid and final judgment. Second, the Defendant was a party to the District Court

---

[7]*See In re Jordana,* 232 B.R. 469, 475 (10th Cir. BAP 1999), *aff'd,* 216 F.3d 1087 (10th Cir. 2000)("Federal principles of collateral estoppel apply to prior judgments that are rendered by a federal court.")(citing *Murdock v. Ute Indian Tribe*, 975 F.2d 683, 687 (10thCir.1992) (remaining citations omitted)); *First Pacific Bancorp, Inc. v. Helfer,* 224 F.3d 1117, 1128 (9th Cir. 2000)("When considering the preclusive effect of a federal court judgment, we apply the federal law of claim preclusion.")(citing *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1376 (9th Cir.1987)).

6

Action. Third, the Defendant had a full and fair opportunity to litigate the issues determined in the District Court Action. He actively contested the FTC's motion for summary judgment filed in the District Court Action. The Nevada District Court heard argument on FTC's motion for summary judgment, and affidavits were offered in support of the motion. A contested motion for summary judgment that results in the entry of summary judgment can satisfy the requirement that the opposing party had a full and fair opportunity to litigate the issues as well as the requirement that the prior matter be "actually litigated".[8] In this case, the record of the prior proceeding adequately demonstrates that Defendant actively participated in the District Court Action, had a full and fair opportunity to litigate the issues; consequently, the Court concludes that the issues determined in the Findings and Conclusions and the judgment entered in the District Court Action were "actually litigated" as required under the doctrine of federal collateral estoppel.

---

[8] *See Brill v. Dvorak (In re Dvorak),* 118 B.R.619, 624 (Bankr.N.D.Ill. 1990)(discussing collateral estoppel under Illinois law and stating that "[e]ntry of judgment pursuant to motion for summary judgment or motion for failure to state a claim satisfies the 'actually litigated' standard only if the party against whom judgment was entered had proper incentive to and did in fact fully contest the motion on the merits.")(citing *United States Life Title Ins. Co. v. Dohm,* 19 B.R. 134, 138 (N.D.Ill.1982)(remaining citation omitted); *Kathan Associates, Inc. v. Wien (In re Wien),* 155 B.R. 479, 485 (Bankr.N.D.Ill. 1993)(discussing split in authority as to whether *uncontested* summary judgments should have collateral estoppel effect as having satisfied "actually litigated" requirement); *Alvarado v. Kallmeyer (In re Kallmeyer),* 143 B.R. 271, 273 (Bankr.D.Kan. 1992)(partial summary judgment entered in favor of debtor-defendant was given collateral estoppel effect as having satisfied "actually litigated" requirement). *See also, Federal Trade Comm'n v. Wright (In re Wright),* 187 B.R. 826, 833-834 (Bankr.D.Conn. 1995)(noting that "[t]he requirement that an issue be 'actually litigated' to qualify for collateral estoppel does not imply that preclusion is available only for those issues established after a full evidentiary and adversarial trial[ ]" but cautioning the court to "resist simply applying a blanket rule based on the appellation assigned the disposition – e.g., *default judgment, summary judgment,* etc." and instead consider each disposition on a case-by-case basis upon "review of the full record of the prior proceeding").

7

Defendant argues that he did not have a full and fair opportunity to participate meaningfully in the District Court Action because he invoked his Fifth Amendment privilege against self-incrimination on advice of his Nevada counsel. "There is no requirement that the defendant actually testify in his or her defense in the prior proceedings[ ]" in order to satisfy the requirement that issues be "actually litigated" in the prior proceeding. *In re Rutledge,* 245 B.R. 678, 683 (Bankr.D.Kan. 1999)(citing *In re Quinn,* 170 B.R.1013 (Bankr.E.D.Mo. 1994)). Thus even when a party invokes his Fifth Amendment privilege in the prior suit, the "actually litigated" requirement for purposes of collateral estoppel may nevertheless be satisfied. *Id.*

The remaining requirement for collateral estoppel is identity of issues. Only if the issues determined in the prior Federal Court Action satisfy all the required elements for non-dischargeability under 11 U.S.C. § 523(a)(2)(A) will collateral estoppel suffice to grant summary judgment to the FTC.

Tenth Circuit Standards for Non-Dischargeability under 11 U.S.C. § 523(a)(2)(A)

Under applicable Tenth Circuit standards, to prevail on a cause of action for non-dischargeability under 11 U.S.C. § 523(a)(2)(A) the complainant must demonstrate, by a preponderance of the evidence: 1) that the Defendant made a false representation; 2) that the representation was made with intent to deceive; 3) that the party justifiably relied on the representation; and 5) that the party sustained a loss as a result of the false representation.[9]

---

[9]*Fowler Bros v. Young (In re Young),* 91 F.3d 1367, 1373 (10th Cir. 1996) (identifying the five elements necessary to a determination of non-dischargeability under 11 U.S.C. § 523(a)(2)(A), but requiring reasonable reliance); *Field v. Mans*, 516 U.S. 59, 69-76, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) (establishing justifiable reliance standard under § 523(a)(2)(A)); *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (establishing preponderance of the evidence standard for dischargeability actions).

8

Intent to deceive can be inferred based on the totality of circumstances, and may be demonstrated by a Defendant's reckless disregard for the truth or accuracy of the representations.[10] The Court is mindful, however, that reckless disregard for the truth or accuracy of the representations as a basis for satisfying the intent requirement under 11 U.S.C. § 523(a)(2)(A) should be construed narrowly. *See McGuire,* 284 B.R. at 493 (stating that "A finding of reckless disregard, however, 'should be very narrowly interpreted.'")(quoting *In re Kukuk,* 225 B.R. 778, 787 (10th Cir. BAP 1998)). There must be some indication as a whole that "'presents a picture of deceptive conduct by the debtor which indicates an intent to deceive the creditor.'" *In re Davis,* 246 B.R. 646, 652 (10th Cir. BAP 2000)(quoting 3 William L. Norton, Jr. Norton bankruptcy Law and Practice 2d § 47:16, n.62 (1999)(citations omitted), *aff'd in part and vacated in part by* 35 Fed.Appx. 826 (10th Cir. 2002).

<u>Whether the Findings and Conclusions Establish All Elements Necessary to a Claim for Non-Dischargeability Under 11 U.S.C. § 523(a)(2)(A)</u>

FTC's entitlement to summary judgment in this adversary proceeding is dependent upon whether the issues determined in the prior Federal Court Action satisfy all the required elements

---

[10] *Fowler Bros.,* 91 F.3d at 1375 ("The second element of § 523(a)(2)(A), the debtor's intent to deceive the creditor in making false representations to the creditor, 'may be inferred from the 'totality of the circumstances'''")(quoting *In re Gans,* 75 B.R. 474, 486 (Bankr.S.D.N.Y. 1987)(quoting *Eastern Food Serv., Inc. v. Leger (In re Leger),* 34 B.R. 873, 878 (Bankr.D.Mass.1983)); *In re Daviscourt*, 353 B.R. 674, 685 (10th Cir. BAP 2006)("Intent to deceive under this subsection [§ 523(a)(2)(A)] may be inferred from the totality of the circumstances, and includes reckless disregard of the truth.")(citation omitted); *In re McGuire,* 284 B.R. 481, 493 (Bankr.D.Colo.2002)(noting that "the Tenth Circuit has held that a finding of reckless disregard may satisfy the scienter element" under § 523(a)(2)). *See also, Driggs v. Black (In re Black),* 787 F.2d 503, 506 (10th Cir. 1986)(interpreting § 523(a)(2)(B), and stating that "the requisite intent may be inferred from a sufficiently reckless disregard of the accuracy of the facts.")(citations omitted).

9

for non-dischargeability under 11 U.S.C. § 523(a)(2)(A). The Findings of Fact and Conclusions of Law entered in the District Court Action include the following findings: that Defendant participated directly in the acts or practices of National Vending Consultants, Inc. ("NVC"), Success Vending Group, Inc. ("SVG"), and USA Candy Express, Inc. ("Candy Express"), closed sales at NVC and directed SVG telemarketers to use a scripted sales pitch (*See* Findings and Conclusions ¶62); that Defendant had authority to control the acts or practices of NVC and SVG (Findings and Conclusions ¶ 63); that Defendant directed company policies relating to sale presentations and responses to consumer complaints (Findings and Conclusions ¶62); that Defendant had knowledge of the acts or practices of NVC and SVG (Findings and Conclusions ¶ 64); that the earnings projections contained in the scripted sales pitches were false (*See* Findings and Conclusions ¶ 21- stating that the scripted sales pitches included numerous earnings projections; and Findings and Conclusions ¶ 25 - stating that the earnings projections of the "Vending Enterprise" (defined as NVC, SVG and Candy Express) were false). These findings supported the following conclusion: that Defendant committed unfair and deceptive acts through his control of and participation in the conduct of SVG and NVC in violation of Section 5(a) of the FTC Act. (*See* Findings and Conclusions ¶ 93). The Judgment stated that Defendant engaged in acts and practices that violate Section 5(a) of the FTC Act, and awarded judgment against Defendant in the amount of $9,298,447.29.

As recited in the Findings and Conclusions, a violation of Section 5(a) of the FTC Act based upon deceptive acts or practices requires a showing of the following elements: 1) a representation, omission or practice; 2) that is likely to mislead consumers acting reasonably under the circumstances; and 3) that the representation, omission, or practice is material.

10

Findings and Conclusions, ¶ 82 (citing *FTC v. Pantron I Corp.,* 33 F.3d 1088, 1095 (9th Cir. 1994). The factual findings and the elements required to sustain a cause of action for violation of Section 5(a) of the FTC Act sufficiently establish all elements necessary to the determination of non-dischargeability under 11 U.S.C. § 523(a)(2)(A). The findings of fact stating that the business materials contained false information and that Defendant controlled the corporations and directed its employees to distribute the information to consumers establish that Defendant made false and misleading statements to consumers regarding the earnings potential of the vending business opportunity. The requirement under 11 U.S.C. § 523(a)(2)(A) that Defendant make a false representation has, therefore, been satisfied.

Section (5)(a)'s requirement that the misrepresentation is likely to mislead consumers acting reasonably under the circumstances, and material if it involves facts important to consumers that will likely affect their conduct meets or exceeds the standards for reasonable reliance under 11 U.S.C. § 523(a)(2)(A). *See In re Audley,* 268 B.R. 279, 282 n.7 (Bnakr.D.Kan. 2001)(noting that *Field v. Mans,* 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) rejected the more strict reasonable reliance standard in favor of justifiable reliance, and stating that "reliance is not justifiable if the recipient of the misrepresentation could have appreciated its falsity at the time by the use of his senses."). By determining that Defendant violated Section 5(a) of the FTC Act, the Nevada District Court necessarily determined that consumers reasonably relied on Defendant's misrepresentations when they purchased the vending machine business opportunities from Defendant.

The intent requirement under 11 U.S.C. § 523(a)(2)(A) has also been satisfied. In *Austin* the bankruptcy court considered the collateral estoppel effect of a prior judgment obtained by the

11

FTC against the debtor for deceptive trade practices under the FTC Act. 138 B.R. at 906. The crux of the *Austin* decision was whether the findings in the FTC action established the requisite intent to defraud required under 11 U.S.C. § 523(a)(2)(A). The *Austin* court determined that the findings in the FTC action that the defendant "knew or should have known" were insufficient to establish a reckless misrepresentation which would satisfy the intent requirement under 523(a)(2)(A), but that defendant's acknowledgment that he was individually liable for monetary restitution for violations of the FTC Act was sufficient to establish for purposes of collateral estoppel that he acted knowingly and/or recklessly with respect to the false representations that formed the basis of FTC's action. *Austin,* 138 B.R. at 907.

The Findings and Conclusions entered in the District Court Action acknowledge that intent to deceive is not a requirement under the FTC Act. (*See* Findings and Conclusions, ¶ 83 ("It is not necessary to prove Defendants' misrepresentations were made with an intend to defraud or deceive, or were made in bad faith to establish a Section 5 violation." and ¶92 "In order to establish individual liability, the Commission need not show that the individual intended to defraud consumers."). But the standards for awarding restitution under the FTC Act as applied in *Austin,* are the same in the Ninth Circuit. *See FTC v. Affordable Media, LLC,* 179 F.3d 1228, 1234 (9th Cir. 1999)(stating that "[t]he knowledge requirement can be satisfied by showing that the individuals 'had actual knowledge of material misrepresentations, [were] recklessly indifferent to the truth or falsity of a misrepresentation, or had an awareness of a high probability of fraud along with an intentional avoidance of the truth.'")(quoting *FTC v. Publishing Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997)). Thus, as in *Austin,* the fact that the FTC obtained a judgment for restitution against Defendant indicates that Defendant

at least acted with reckless indifference to the truth. *See Austin,* 138 B.R. at 907. Given the surrounding facts and circumstances as established by the Findings and Conclusions, acting with reckless indifference to the truth is sufficient to satisfy the intent requirement under § 523(a)(2)(A).

Finally, Defendant takes issue with the calculation of the damages in the District Court Action, and argues that because it is not clear from the judgment that the damages were based upon actual pecuniary losses incurred as a result of the fraud, that the damages are dischargeable. This Court disagrees.

The Judgment awarded damages for restitution under the FTC Act. *See* Findings and Conclusions, ¶ 103 and 102 (awarding damages for "redress, restitution, and disgorgement of profits in the amount of $9,298,447.29[ ]" and stating that "[t]he proper calculation for restitution is the full amount consumers lost as a result of Defendants' illegal practices."(citation omitted)). The damages amount was based upon net sales income from consumers, net of refunds, for the period from April 14, 2001 through February 10, 2005. *See* Findings and Conclusions ¶ 76. Based on these conclusions, the Court is satisfied that the damages award was based upon Defendant's fraudulent acts and is, therefore, non-dischargeable under 11 U.S.C. § 523(a)(2)(A).[11] Moreover, as argued by the FTC, Defendant's objection to the calculation of damages is an impermissible collateral attack on the damage calculation determined in the

---

[11]*See also, John Deere Co. v. Gerlach (In re Gerlach),* 897 F.2d 1048, 1051 (10th Cir. 1990)(adopting the position that dischargeability is an "'all or nothing' proposition")(quoting *Birmingham Trust Nat'l Bank v. Case,* 755 F.2d 1474, 1477 (11th Cir. 1985)).

13

District Court Action.[12]

Based on the foregoing, the Court concludes that summary judgment should be entered in favor of FTC. An appropriate judgment of non-dischargeability will be entered in accordance with this Memorandum Opinion.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: May 8, 2008

COPY TO:

Yaa A Apori
Attorney for Federal Trade Commission
601 New Jersey Ave
Washington, DC 20001

Julie Mack
Attorney for Federal Trade Commission
600 Pennsylvania Ave NW
Washington, DC 20580

Louis Puccini, Jr
Attorney for Junior Abeyta
PO Box 30707
Albuquerque, NM 87190-0707

---

[12] *Cf. Nelson v. Tsamasfyros (In re Tsamasfyros),* 940 F.2d 605, 608 n.4 (10th Cir. 1991)(stating that "[i]t logically follows that a state court's calculation of damages may not be collaterally attached in the bankruptcy court.")(citing *In re Hopper,* 71 B.R. 67, 68 (Bankr.D.Colo. 1987); *Swanson v. Tam (In re Tam),* 136 B.R. 281, 285 (Bankr.D.Kan. 1992)(calculation of the damage award in arbitration proceeding establishing that the reliance proximately caused the damage to plaintiffs could not be collaterally attacked in the bankruptcy court).

14